**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICHELLE LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 04-cv-0630-MJR** |
| ) | |
| **THE TERMINAL RAILROAD** ) | |
| **ASSOCIATION OF ST. LOUIS, and** ) | |
| **UNITED STATES STEEL CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM and ORDER</u>

REAGAN, District Judge:

On August 19, 2005, the Court granted summary judgment in favor of the two named Defendants herein – Terminal Railroad Association and United States Steel Corporation.  In the wake of that Order, no claims remained.  The Clerk of Court entered judgment accordingly.

On August 25th, Plaintiff Lewis moved the Court to reconsider both the August 19th Order granting summary judgment (Doc. 58) and an earlier Order denying Plaintiff an extension of time to respond to the summary judgment motions (Doc. 44). A brief review of key procedural background aids resolution of the motion to reconsider.

Originally, this case was set for trial October 17, 2005, with a June 15, 2005 discovery deadline and a June 20, 2005 dispositive motion deadline.  On June 20, 2005, the parties jointly requested to modify the schedule to permit discovery to be conducted through September 1st and dispositive motions to be filed through September 15th (Doc. 31).  Two days later, the parties jointly filed an amended motion to extend the discovery and motion deadlines (Doc. 33).

United States Magistrate Judge Donald G. Wilkerson *partially* granted the parties'

request on June 23, 2005, after consulting with the undersigned District Judge, who opposed any extensions that would alter the trial date or final pretrial conference setting.

Judge Wilkerson extended the discovery deadline to July 22, 2005, extended the dispositive motion deadline to August 2, 2005, ruled that all responses to dispositive motions must be filed by August 11, 2005, and directed the parties to file no reply briefs (*see* Doc. 34).  The Order specifically stated: "The parties are reminded that neither the settlement conference date, the final pretrial conference date, nor the trial date have [sic] been changed."

Both Defendants filed summary judgment motions by the August 2nd cut-off date.  At 3:20 pm the afternoon of August 10th, just one day shy of the deadline for responding to those motions, Plaintiff moved for additional time to file responses (Doc. 42).   Additionally or alternatively, Plaintiff moved to voluntarily dismiss the case without prejudice (Doc. 40).

The undersigned District Judge denied Plaintiff's request for additional time to respond to the summary judgment motions, explaining (Doc. 44):

> "The Court's June 23, 2005 Order clearly delineated the response deadline for dispositive motions and emphasized that the Court would NOT move the settlement conference, final pretrial conference, or trial."

The Court, however, ordered Defendants to respond to Plaintiff's motion for voluntary dismissal of the case by August 17, 2005.

One day later, Defendants filed memoranda vehemently opposing Plaintiff's eleventh-hour motion for voluntary dismissal (Docs. 45, 46).  Plaintiff quickly countered with a motion seeking leave to file an out-of-time response to both motions for summary judgment (Doc. 47).    Before the Court ruled on the motion for leave to file out-of-time responses, Plaintiff electronically filed a combined response (Doc. 51).  A notice of errors from the Clerk's Office

(which related to a problem with Plaintiff's supporting exhibits) clearly signaled that the undersigned District Judge would accept Plaintiff's belated responses to the summary judgment motions (*see* Doc. 52).   An Order the following day (August 17, 2005, Doc. 53) further demonstrated that the Court was accepting Plaintiff's out-of-time submissions and considering the merits of Plaintiff's arguments opposing summary judgment (*see* Doc. 53).   The Court formally granted Plaintiff's motion to file a late response to the summary judgment motions (Doc. 47) on August 19, 2005 (Doc. 58).

After accommodating the parties with extensions of the dispositive motion deadline *and* permitting Plaintiff to file a late brief opposing the pending summary judgment motions, the Court ruled on the merits of the those motions – finding in favor of Defendants.

Plaintiff now asks this Court to reconsider (1) the August 11th Order denying the motion for extra time to oppose summary judgment and (2) the August 19th Order refusing to permit Plaintiff to voluntarily dismiss the case without prejudice and granting summary judgment in favor of Defendants.   Both aspects of the motion are wholly devoid of merit.   Analysis begins with reference to the legal standards governing Plaintiff's motion to reconsider.

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider.   Such motions are filed routinely, however, and they are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs.   If the motion to reconsider was filed within ten days of entry of the challenged judgment or order, Rule 59(e) applies.   If the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies.   ***See Britton v. Swift Transp. Co., Inc.*, 127**

**F.3d 616, 618 (7ᵗʰ Cir. 1997);** *Russell v. Delco Remy Division of General Motors* **Corp., 51 F.3d 746, 750 (7ᵗʰ Cir. 1995);** *United States v. Deutsch*, **981 F.2d 299, 301 (7ᵗʰ Cir. 1992).**  This Court follows FEDERAL RULE OF CIVIL PROCEDURE 6(a) in calculating the ten-day period (*i.e.*, counting the ten days to exclude weekends and holidays).

Here, Plaintiff seeks reconsideration of two separate Orders – one entered on August 11ᵗʰ and one entered on August 19ᵗʰ.  Plaintiff's motion to reconsider was filed within ten days of both of those motions.  Therefore, Rule 59(e) applies.

Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice.  *See* **Baicker-McKee, Janssen & Corr,** FEDERAL CIVIL RULES HANDBOOK**, p. 915 (2004).**  *See also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7ᵗʰ Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may <u>not</u> be used to re-litigate issues or to present arguments which could have been previously addressed.  *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7ᵗʰ Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.");** *Bally Export Corp. v. Balicar Ltd.*, **804 F.2d 398, 404 (7th Cir. 1986)(motion to reconsider is not appropriate vehicle to introduce new legal theories).**

The Court first addresses the motion to reconsider the August 11ᵗʰ denial of Plaintiff's

motion for extension of the summary judgment response deadline.  To support this portion of the motion to reconsider, Plaintiff asserts, *inter alia*, that this Court violated its own Local Rule by not permitting 30 days for a response to be filed to Defendants' summary judgment motions.  Plaintiff overlooks the obvious.

When parties ask the Court to extend the discovery and dispositive motion deadlines, that often *contracts* the normal response period which otherwise would govern (especially when, as here, the existing trial and final pretrial settings are not also extended).  In this case, Plaintiff moved jointly with Defendants to extend the discovery deadline and dispositive motion deadline.  The requested extension necessarily shortened the time for dispositive motions to be filed, responded to, and ruled on by the Court.

Judge Wilkerson's **June 23rd** Order extending the deadlines plainly declared that responses now would be due on August 11th.  Plaintiff's counsel stood mute.  He did not rush to protest that the response deadline was too short, unworkable, or violative of Local Rule 7.1(c).  He opted to wait over six weeks (until *the day before* his responses were due) and take his chances requesting an extension of the August 11th deadline.

In any event, the Court ultimately **permitted** the late filing of the memorandum opposing summary judgment and carefully considered the merits of Plaintiff's belated brief (*see* Doc. 51, Doc. 58).  Stated simply, nothing in the record supports Plaintiff's request for reconsideration of the August 11th Order.   Relief under Rule 59(e) is not warranted on this basis.

Nor has Plaintiff identified an intervening change in the law, new evidence, clear legal error, or manifest injustice supporting reconsideration or vacation of the August 19th Order which denied Plaintiff's motion to voluntarily dismiss the case and granted Defendants' motions for

summary judgment.

Plainly, voluntary dismissal was not available under **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)**, and the record amply supported the Court's decision to decline to permit voluntary dismissal under **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2).** The detailed Order (Doc. 58) outlined the rationale behind the Court's grant of Defendant's summary judgment motions.

The law has not changed. Plaintiff has presented no new evidence. Plaintiff has shown no clear legal error or manifest injustice in the August 19th Order.

For all these reasons, the Court **DENIES** Plaintiff's August 25, 2005 motion to reconsider (Doc. 62) and **DENIES** Plaintiff's August 26, 2006 motion for a hearing thereon (Doc. 64).

**IT IS SO ORDERED.**

**DATED this 14th day of September, 2005.**


**s/ Michael J. Reagan**
**Michael J. Reagan**
**United States District Judge**